Sylvia Oppenheim, Appellee, v. Frank Schlachter et al., Defendants.

Appeal of John F. Kersey, Appellant.

Gen. No. 40,979.

Heard in the third division of this court for the first district at the October term, 1939. Opinion filed April 10, 1940.

CHARLES M. HAFT, of Chicago, for appellant.

JESMER & JESMER and SOL OSWIANZA, both of Chicago, for appellee; JULIUS JESMER and SOL OSWIANZA, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by John F. Kersey, one of the defendants, from a decree of foreclosure based upon the report of a master in chancery.

Sylvia Oppenheim, nominee of the Schiff bondholders' committee who it is alleged is the holder and owner of promissory notes executed by Frank Schlachter and Agnes Schlachter, in the aggregate unpaid principal sum of $20,600, secured by a junior trust deed, filed her second-amended complaint in equity in the circuit court of Cook county to foreclose the same and to secure an additional lien for the sum paid for the redemption she made from a prior first mortgage foreclosure sale.

The defense offered by the defendants Frank and Agnes Schlachter, John F. Kersey and Jennie P. Kersey is largely based upon the facts as set forth in their answer, and they state as part of their answer that Arnold Schlachter borrowed from George Willard, Inc., the sum of $10,000, and gave to George Willard, Inc., a series of notes aggregating $10,000, and at the same time delivered to him all of the notes executed by the defendants Frank and Agnes Schlachter; that the notes were in the form of a judgment note and were not in the form of a collateral note, and did not embody any power or authority to sell the notes executed by Frank and Agnes Schlachter; that these notes were extended in the same form as originally made, and that George Willard, Inc., sold the remaining notes, executed and unpaid, to Raymond Ryan and Victoria Ryan, aggregating $6,354.75, and at the time of doing so delivered to Raymond Ryan and Victoria Ryan the notes executed by Frank and Agnes Schlachter, and it is also an issue in this case that after the maturity of the $20,600 of notes executed by the defendants Frank and Agnes Schlachter, the subject of this foreclosure suit, Seymour W. Schiff paid to Raymond and Victoria Ryan the sum of $1,500 and procured the delivery of the notes executed by the defendants Frank Schlachter and Agnes Schlachter, aggregating the sum of $20,600; that the fact is that at the time of the delivery of the the notes by Raymond and Victoria Ryan to Seymour W. Schiff, the principal amount due from Arnold

Schlachter upon the notes executed and delivered by him was the sum of $6,354.75. It is also an issue here as to whether John F. Kersey, defendant, is the owner of the unpaid notes executed by Arnold Schlachter, and which were held by Raymond and Victoria Ryan at the time Seymour Schiff paid the $1,500, and procured possession of the $20,600 of mortgage notes aforesaid, which were held by Raymond Ryan and Victoria Ryan as collateral to secure the payment of the notes of Arnold Schlachter, and whether the defendant John F. Kersey as owner is entitled to possession of the $20,600 of mortgage notes described in the amended bill of complaint.

It is also charged in the answer that Seymour Schiff, at the time he procured possession of the $20,600 of mortgage notes, knew that said notes were held by Raymond and Victoria Ryan as collateral to secure the payment of the notes of Arnold Schlachter held by them; that the Schiff bondholders' committee was the owner of the master's certificate of sale referred to in the complaint in the above cause, and that Seymour W. Schiff was a member of and was acting for the Schiff bondholders' committee.

This answer was adopted by the defendant John F. Kersey, who admits all the allegations in the aforesaid amendment to defendants' answer contained, the same as if they were specifically made in the counterclaim.

The decree approved the master in chancery's report and findings that the defendants Frank Schlachter and Agnes Schlachter, his wife, being indebted in the principal sum of $25,000, executed and delivered 37 principal promissory notes dated the 15th day of July, 1928, payable to bearer; that to secure the payment of said sum and interest, the defendants Frank Schlachter and Agnes Schlachter, his wife, did on the 15th day of July, 1928, make and execute their certain trust deed, wherein and whereby they conveyed to George A. Willard, as trustee and as successor in trust, the prop-

erty therein described, together with the building and improvements thereon.

The court in its decree found that notes Nos. 1 to 22, inclusive, in the aggregate sum of $4,400, secured by the trust deed above mentioned, had been duly paid and surrendered to the owner of the equity, and that the defendants Frank Schlacter and Agnes Schlachter, his wife, defaulted under the terms and provisions of the trust deed in the nonpayment of the principal notes Nos. 23 to 36, inclusive, each in the sum of $200, and note No. 37 in the sum of $17,800, which was due on the 15th day of November, 1931.

It also appears from the decree that Sylvia Oppenheim, as nominee of the Schiff bondholders' committee, was the legal holder and owner of the principal notes in question; that on the 9th day of November, 1938, the plaintiff in this action, in order to protect the lien of the trust deed sought to be foreclosed, paid to Isidore Brown, master in chancery of the circuit court of Cook county, $27,547, for the redemption of the properties involved herein from a sale had in pursuance of a decree entered on the 17th day of February, 1934, in the circuit court of Cook county, in case No. B-216717, entitled, ''Chicago Title and Trust Company, a corporation, as Successor-Trustee, v. Arnold Schlachter, John F. Kersey, Jennie P. Kersey, his wife, Raymond J. Ryan, Harry M. Fisher, Harry A. Lipsky, Barnett Faroll, Seymour W. Schiff, Barney J. Linenthal, B. J. Schiff, I. B. Ury, Isidore Ossey, George Skurow, Solomon Jesmer, Jacob Glassman, and A. Oswianza, organized as the Schiff bondholders' committee, and the West Side Trust and Savings Bank of Chicago, a corporation,'' and that the amounts are allowed to the plaintiff in this action as an additional indebtedness secured by the trust deed herein sought to be foreclosed.

The court found that there was due the sum of $20,600 secured by the trust deed herein mentioned,.

together with interest to September 15, 1930 of $103, and the further sum due as interest on the said notes, at the rate of 7 per cent from September 15, 1930, to May 22, 1939, the date of the master's report, $12,525.38 and the further sum of $27,547, the amount paid for a redemption of the premises from a master's sale. This sale was provided for in the decree entered in the circuit court of Cook county, Illinois, on February 17, 1934, and interest on this amount at the rate of 5 per cent from November 9, 1938, to May 22, 1939, the date of the master's report, $738.41, making a grand total due of $61,513.79.

The court directed by its decree that the master in chancery make a sale of the premises secured by the trust deed in question, in accordance with the orders of the court unless the amounts due were paid, and it is from this decree that the defendant John F. Kersey appeals.

It appears from the brief filed by the defendant appellant that no point is raised as to the pleadings, so the question involved is did the court err in its findings and in entering the decree appealed from.

The defendant John F. Kersey contends that Raymond J. Ryan was without right, power or authority to sell the notes and trust deed here involved and Schiff bondholders' committee by the payment of the $1,500 to Ryan acquired no right, title or interest in or to the mortgage notes and trust deed, and then calls the court's attention to the facts as they appear in the record, and that the notes and trust deed involved in this case were executed by Frank Schlachter and Agnes Schlachter, his wife, July 15, 1928, the notes aggregating $25,000, and that subsequent payments as required were made to reduce the amount that remained due, $20,600, and the trust deed, the subject of this foreclosure suit, secured the payment of this amount. Subsequently, on the 7th day of December, 1928, Frank Schlachter, Agnes Schlachter and Arnold Schlachter

executed their 12 notes aggregating $10,000, the last of which was for $7,800, and matured in one year. G. A. Willard, Inc., loaned on said notes $10,000, and it is urged by this defendant that it received along with said notes as collateral, the trust deed and notes first above mentioned, which are the subject of this foreclose proceeding.

It appears from the evidence of the witness George A. Willard, who testified, that the $10,000 notes were signed and the loan disbursed, and that the trust deed and notes—the subject of this foreclosure, were the collateral; that this is claimed by the question and answer put to this witness: ''And the trust deed and the mortgage notes were the collateral? A. That is right.''

It is further pointed to this record that Arnold Schlachter was a witness and this question was asked by the defendant: ''At the time that you delivered plaintiff's Exhibits 2 to 17 inclusive to George A. Willard, state what, if any, conversation took place.'' which was objected to by the plaintiff and the objection was sustained by the court. Thereupon the defendants made an offer of proof that the witness would testify that the plaintiff's exhibits 2 to 17 inclusive, being certain of the notes, were delivered by him to George A. Willard, that the witness stated to George A. Willard that he was delivering said notes to secure the payment of his notes signed also by Frank and Agnes Schlachter, in evidence in the case. So when we consider the entire evidence in the record, it is a disputed question of fact as to whether the notes that are involved in this foreclosure proceeding were collateral to secure the payment of the $10,000 notes signed by Arnold Schlachter, Frank Schlachter and Agnes Schlachter, his wife, as we have stated.

It does appear upon the question as to whether knowledge had been imparted to the plaintiff that the master found that at the time of the purchase of the

trust deed and notes by the committee, it did not know of any claim that the trust deed and notes purchased by it had been given as collateral to secure the payment of any other notes, and it is contended by the plaintiff that this finding is not complained of on this appeal, and it does appear from the facts that if Arnold Schlachter had any claim against the plaintiff's notes and trust deed, it is he, and he alone, if anyone, who could raise any claim to them. But even if he could, what defense is urged by the defendant Kersey that might have been availed of by the makers of the notes and trust deed in whose position he is? None is made. So far as the plaintiff and the defendant Kersey are concerned, the equities, if any, of the third person, were latent, and the purchaser of the paper had no notice of such equities. It is suggested by the plaintiff that in the case of *Peacock v. Phillips,* 247 Ill. 467, upon which the defendant relies, it appears from what the court said in that case that—

"A trust deed or mortgage is not assignable either by the common law or under the statute, and while the assignment of a promissory note secured by mortgage carries with it the mortgage as an incident of the debt, it does so only in equity. When resort is had to a court of equity to enforce the obligation created by the mortgage it will let in any defense which would have been good against the mortgage in the hands of the mortgagee himself, excepting only defenses based on latent equities of third persons of whose rights the assignee had no notice."

It is also urged by the defendant Kersey that the rule of law is that one purchasing from the holder thereof a note secured by a mortgage or trust deed takes it subject to all defenses, and then urged that by the weight of the evidence it is shown that Seymour W. Schiff knew that Arnold Schlachter was the owner of the notes and trust deed in question, and that Raymond J. Ryan held them as security thereof, and from

the evidence it appears that the Schiff bondholders' committee acquired possession of the notes in July, 1937, that the last of the notes matured in 1931, and it follows that these notes were past due when the committee obtained possession of them, and for that reason the Schiff bondholders' committee is not a holder in due course. Defendant cites a number of cases in support of this rule.

Plaintiff's reply to the suggestion of the defendant is that while the assignee of a note secured by a mortgage takes the note and mortgage subject to any defenses which are good as against the mortgage in the hands of the mortgagee himself, yet no defense based upon latent equities or third persons, of whose rights the purchaser had no notice, can be availed of by the mortgagor who is held for the full amount of the debt, and plaintiff points to the fact that the master found that at the time of the purchase of the trust deed and notes by the committee, it did not know of any claim that the trust deed and notes purchased by it had been given as collateral to secure the payment of other notes. This finding has not been complained of in this appeal.

Plaintiff further suggests that where notes and trust deed of a third person are pledged as collateral to secure the payment of other notes, the holder thereof has the right to foreclose thereon, and his assignee has the same right, even though he has purchased the collateral separate and apart from the indebtedness it secures with notice of the pledge, and calls attention to the brief of the defendant, and states that in quoting *Peacock v. Phillips,* 247 Ill. 467, counsel concedes the proposition that "if the collateral security consists of a mortgage, the holder of it has a right to foreclose," and then the defendant quotes further, "and in such case must account for any surplus above his debt" to the debtor, who in each of the cases cited by the court in that case pledged his own mortgage as security for his own indebtedness.

In the discussion of the questions that have been called to our attention it is well established that the plaintiff in the action before us was fully justified in bringing the foreclosure proceedings that she did, and after considering all the facts as they appear in this record we find that the question about which we are concerned is whether the notes and trust deed that are the subject of the foreclosure proceedings are collateral to the $10,000 note in controversy, and from the facts it does not appear that the court was in error in entering the decree of foreclosure such as it did enter in the instant case. As we have indicated, the facts are in dispute. The purpose of the purchase of these notes by the plaintiff, and also the purchase claimed to have been made by the defendant Kersey, is subject to controversy. The purchase of these notes for $1,500 is questioned, and at the same time the purchase by the defendant, who is now in this court on appeal, for $150 of the Arnold Schlachter notes in the sum of $6,354.65, destroyed by Mrs. Victoria Ryan, is also controverted. Whether Mrs. Ryan unintentionally or voluntarily destroyed these notes was a question of fact upon which the master in his report, which was approved by the court, found for the plaintiff on the theory that the evidence was not sufficient to show that the notes were destroyed by Mrs. Ryan without appreciating the fact that they were of value.

The report of the master, approved by the chancellor, is final and conclusive, and the master's findings are not manifestly against the weight of the evidence. As we have indicated, the questions of fact were controverted, and the evidence sustains the conclusion of the court in its findings of fact in the decree, and these findings will not be disturbed.

For the reasons indicated, we are of the opinion that the decree should be and it is affirmed.

*Decree affirmed.*

DENIS E. SULLIVAN, P. J., and BURKE, J., concur.